NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000714
17-MAY-2017
08:36 AM**

NO. CAAP-16-0000714

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST, AS TRUSTEE FOR
WAMU SERIES 2007-HE1 TRUST, Plaintiff-Appellee,
v.
DENNIS McRAE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-0307)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Defendant-Appellant Dennis McRae (McRae) purports to appeal pro se from the "Order Denying Defendant Dennis McRae's Motion to Set Aside Default Order Filed on February 23, 2016" (Order Denying Motion to Set Aside Default), which was filed by the Circuit Court of the Third Circuit (Circuit Court)[1] on May 11, 2016. On appeal, McRae argues that: (1) the trial court erred in denying his motion to set aside his default judgment; and (2) the trial court erred in failing to protect his constitutional rights.

As explained below, McRae's notice of appeal, which was filed on July 13, 2016, is untimely as to the Order Denying Motion to Set Aside Default. The only order for which McRae's

_____

[1] The Honorable Greg K. Nakamura presided.

notice of appeal is timely and over which this court may exercise appellate jurisdiction is the Circuit Court's "Order Denying 'Defendant's Motion for [the Circuit Court's] Final Order Denying Defendant's Motion to Set Aside Default Order' Filed on June 1, 2016" (Order Denying Motion for Final Order), which the Circuit Court filed on August 8, 2016. We conclude that the Circuit Court did not err in entering the Order Denying Motion for Final Order.

I.

After initially pursuing a non-judicial foreclosure, Plaintiff-Appellee Deutsche Bank National Trust, as Trustee for WAMU Series 2007-HE1 Trust (Deutsche Bank), filed a complaint for judicial foreclosure against McRae on August 12, 2011. After being served with the complaint, McRae failed to answer or otherwise defend against the complaint, and the Clerk of the Circuit Court entered default against McRae pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 55(a) (2000). On November 13, 2015, Deutsche Bank filed a "Motion for Default Judgment as Against All Defendants and for Interlocutory Decree of Foreclosure" (Motion for Default Judgment and Decree of Foreclosure). The Circuit Court granted Deutsche Bank's Motion for Default Judgment and Decree of Foreclosure, and it entered its "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's [Motion for Default Judgment and Decree of Foreclosure]" (Order Granting Default Judgment and Decree of Foreclosure), and its Judgment pursuant to this Order (Default Judgment and Decree of Foreclosure) on February 8, 2016. McRae did not file a timely appeal from the Default Judgment and Decree of Foreclosure.

II.

On February 23, 2016, McRae filed a post-judgment "Motion to Set Aside Default Order" pursuant to HRCP Rule 55 (2000), which requested that the Circuit Court set aside its Default Judgment and Decree of Foreclosure. The Circuit Court denied this motion, and on May 11, 2016, it filed its Order

2

Denying Motion to Set Aside Default, which was an immediately appealable post-judgment order. Pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a) (2015), McRae had thirty days, or until June 10, 2016, to file a notice of appeal from the Order Denying Motion to Set Aside Default. However, McRae did not file his notice of appeal until July 13, 2016, and therefore, his appeal from the Order Denying Motion to Set Aside Default was untimely. Because a timely notice of appeal is required for this court to exercise appellate jurisdiction, we lack jurisdiction to review the Circuit Court's Order Denying Motion to Set Aside Default. See Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986); HRAP Rule 26(b) (2010) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").

### III.

On June 1, 2016, McRae filed a "Motion for [the Circuit Court's] Final Order Denying Defendant's Motion to Set Aside Default Order" (Motion for Final Order). In this motion, McRae sought to have the Circuit Court enter a "final order; findings of fact and conclusions of law" with respect to its denial of his Motion to Set Aside Default Order. McRae apparently believed that the Circuit Court was required to enter a "final order" beyond its May 11, 2016, Order Denying Motion to Set Aside Default in order for him to appeal the Order Denying Motion to Set Aside Default. McRae was wrong. The Order Denying Motion to Set Aside Default was an appealable final post-judgment order, and no additional "final order" or findings of fact and conclusions of law were necessary to render the Order Denying Motion to Set Aside Default appealable. See Ditto v. McCurdy, 103 Hawaiʻi 153, 157-58, 80 P.3d 974, 978-79 (2003).

It appears that the Circuit Court orally denied McRae's Motion for Final Order on July 1, 2016, and it issued its written Order Denying Motion for Final Order on August 8, 2016. Pursuant to HRAP Rule 4(a)(2), McRae's July 13, 2016, notice of appeal was timely with respect to the Order Denying Motion for Final Order.

3

However, as noted above, no additional final order was necessary to render the Order Denying Motion to Set Aside Default appealable. McRae also does not show that findings of fact or conclusions of law were necessary or required with respect to the Order Denying Motion to Set Aside Default. We conclude that the Circuit Court did not err in denying McRae's Motion for Final Order and in issuing its Order Denying Motion for Final Order.

IV.

Based on the foregoing, we lack jurisdiction to review the Circuit Court's Order Denying Motion to Set Aside Default. To the extent that McRae seeks review of the Order Denying Motion for Final Order, we affirm the Order Denying Motion for Final Order.

DATED: Honolulu, Hawaiʻi, May 17, 2017.

On the briefs:

Dennis McRae
Defendant-Appellant Pro Se

Marvin S.C. Dang
Jason M. Oliver
Summer S. Okada
Amy K. Jackson
(Law Offices of
  Marvin S.C. Dang, LLLC)
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

4